

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-25-00394-CR

VICTOR RAJJAUNH HARVEY, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 154th District Court
Lamb County, Texas
Trial Court No. DCR-6186-21, Honorable Scott A. Say, Presiding

July 24, 2026

## MEMORANDUM OPINION

Before PARKER, C.J., and YARBROUGH and PRATT, JJ.

Pending before this Court is a motion to withdraw supported by a brief filed pursuant to *Anders v. California*.[1]  Pursuant to a plea bargain, Appellant, Victor Rajjaunh Harvey, was convicted by the trial court of assault family violence, enhanced, and sentenced to confinement for ten years, suspended in favor of five years community

---

[1] *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

supervision.[2]  Three and a half years later, the State amended its motion to revoke Appellant's community supervision and alleged the following violations:[3]

- committed a new offense of assault;
- committed a new offense of evading arrest or detention;
- tested positive for prohibited substances;
- failed to report numerous times from 2022 through 2025;
- failed to pay fine, costs, and restitution;
- failed to pay community supervision fees;
- failed to report as directed and explain by affidavit why he could not pay;
- failed to complete any community service; and
- failed to attend and complete anger management classes.

At a hearing on the State's motion, Appellant entered pleas of true to some but not all of the allegations.  He also testified at the hearing.  After presentation of the evidence, the trial court found some of the allegations to be true and some not true, revoked community supervision, and assessed a sentence of nine years and nine months.

In support of her motion to withdraw, counsel certifies she has conducted a conscientious examination of the record, and in her opinion, it reflects no potentially plausible basis for reversal of Appellant's conviction.  *Anders v. California*, 386 U.S. 738, 744–45, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008).  Counsel candidly discusses why, under the controlling authorities, the record supports that conclusion.  *See High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. 1978).  Counsel has demonstrated she has complied with the requirements of *Anders* and *In re Schulman* by (1) providing a copy of the brief to

---

[2] TEX. PENAL CODE § 22.01(b)(2)(A).

[3] Appellant's community supervision was modified in 2023 after the State sought to revoke community supervision.

2

Appellant, (2) notifying him of the right to file a pro se response if he desired to do so, and (3) informing him of the right to file a pro se petition for discretionary review. *In re Schulman*, 252 S.W.3d at 408.[4]  By letter, this Court granted Appellant an opportunity to exercise his right to file a response to counsel's brief, should he be so inclined. *Id.* at 409 n.23.  Appellant did not file a response.  Neither did the State favor us with a response.

We too have independently examined the record to determine whether there are any non-frivolous issues which might support this appeal. *See Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988); *In re Schulman*, 252 S.W.3d at 409; *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).  We have found no such issues. *See Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969).  After reviewing the record and counsel's brief, we agree there is no plausible basis for reversal of Appellant's conviction. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

Although not raised by Appellant, this Court sua sponte deletes the $15 time payment fee included in the *Bill of Costs* generated on December 13, 2021.  In *Dulin v. State*, 620 S.W.3d 129, 133 (Tex. Crim. App. 2021), the Court held that the pendency of an appeal stops the clock for purposes of the time payment fee.  A time payment fee

---

[4] Notwithstanding that Appellant was informed of his right to file a pro se petition for discretionary review upon execution of the *Trial Court's Certification of Defendant's Right of Appeal*, counsel must comply with Rule 48.4 of the Texas Rules of Appellate Procedure which provides that counsel shall within five days after this opinion is handed down, send Appellant a copy of the opinion and judgment together with notification of his right to file a pro se petition for discretionary review. *Id.* at 408 n.22, 411.  The duty to send the client a copy of this Court's decision is an informational one, not a representational one.  It is ministerial in nature, does not involve legal advice, and exists after the court of appeals has granted counsel's motion to withdraw. *Id.* at 411 n.33.

assessed before appellate mandate issues is premature and should be stricken in its entirety, without prejudice to refiling should such fee become ripe. *Id.*

The Lamb County District Clerk is directed to prepare and file an *Amended Bill of Costs* deleting the $15 time payment fee and provide copies to this Court, Appellant, and the Institutional Division of the Texas Department of Criminal Justice.

## CONCLUSION

The time payment fee is deleted from the *Bill of Costs* and an *Amended Bill of Costs* is ordered.

The trial court's judgment is affirmed and counsel's motion to withdraw is granted.


Alex Yarbrough
Justice

Do not publish.

4